**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., and SEOUL VIOSYS CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HAWTHORNE GARDENING COMPANY, <br><br> Defendant. | Case No. _____ <br><br><br> **JURYT TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co. Ltd. (collectively "Seoul" or "Plaintiffs") bring this Complaint against Defendant Hawthorne Gardening Company ("HGC"), and state and allege as follows:

**NATURE OF THE ACTION**

1.    The Plaintiffs bring this patent infringement action to protect their valuable patented technology relating to light emitting diodes ("LEDs") and LED lighting. An LED is a semiconductor device that converts electrical energy into light. LEDs have many advantages over conventional light sources, including lower energy consumption, longer lifetime, and smaller size.

2.    Seoul Semiconductor was founded in 1992 with approximately 30 employees in a small space of a commercial building in Bongchen-dong, Seoul, Korea. From those initial 30 employees, Seoul Semiconductor has grown into one of the largest manufacturers of LEDs in the world. Its subsidiary, Seoul Viosys, is also a leading company in the LED industry.

3.    The Plaintiffs' success is in large part due to their significant investment in

innovation and their respect for intellectual property. Seoul Semiconductor has invested in research and development ("R&D") for decades. Seoul Semiconductor invests over 10% of sales revenue into R&D and owns one of the largest LED patent portfolios in the world, which includes more than 10,000 patents worldwide.

## THE PARTIES

4.      Plaintiff Seoul Semiconductor is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 97-11, Sandan-ro 163 beon-gil, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851.

5.      Plaintiff Seoul Viosys is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 65-16, Sandan-ro 163 beon-gil, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851. Seoul Viosys is a subsidiary of Seoul Semiconductor.

6.      Defendant HGC is a Delaware corporation with a place of business at 3204 NW 38th Cir, Vancouver, Washington, 98660. HGC's registered agent, The Corporation Trust Company, is located at 1209 Orange St., Wilmington, Delaware 19801. Upon information and belief, HGC sells and offers to sell various horticulture lighting products, such as Gavita LED Clone Bar 120-277V in the United States.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

8.      This Court has personal jurisdiction over HGC because it is a corporation organized and existing under the laws of the State of Delaware.

9.      Venue is proper within this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b) because HGC has committed acts of infringement in this district and because HGC is a corporation organized and existing under the laws of the State of Delaware and therefore resides in this district.

## PATENTS-IN-SUIT

10.     Seoul Viosys is the lawful owner of all right, title, and interest in United States Patent No. 12,274,893 ("the '893 patent") entitled "LED lighting apparatus having sterilizing function", including the right to sue and to recover for infringement thereof. The '893 patent was duly and legally issued on April 15, 2025, by the United States Patent and Trademark Office. A copy of the '893 patent is attached hereto as Exhibit A.

11.     Seoul Viosys is the lawful owner of all right, title, and interest in United States Patent No. 8,872,419 ("the '419 patent") entitled "Light emitting device", including the right to sue and to recover for infringement thereof. The '419 patent was duly and legally issued on October 28, 2014, by the United States Patent and Trademark Office. A copy of the '419 patent is attached hereto as Exhibit B.

12.     Seoul Viosys is the lawful owner of all right, title, and interest in United States Patent No. 12,194,174 entitled "Lighting device" ("the '174 patent"), including the right to sue and to recover for infringement thereof. The '174 patent was duly and legally issued on January 14, 2025, by the United States Patent and Trademark Office. A copy of the '174 patent is attached hereto as Exhibit C.

13.     Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 11,978,837 ("the '837 patent") entitled "Light emitting diode package", including the right to sue and to recover for infringement thereof. The '837 patent was duly and

legally issued on May 7, 2024, by the United States Patent and Trademark Office. A copy of the '837 patent is attached hereto as Exhibit D.

14.     Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 12,298,552 ("the '552 patent") entitled "Backlight unit and display apparatus having the same", including the right to sue and to recover for infringement thereof. The '552 patent was duly and legally issued on May 13, 2025, by the United States Patent and Trademark Office. A copy of the '552 patent is attached hereto as Exhibit E.

15.     Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 8,314,440 ("the '440 patent") entitled "Light emitting diode chip and method of fabricating the same", including the right to sue and to recover for infringement thereof. The '440 patent was duly and legally issued on November 20, 2012, by the United States Patent and Trademark Office. A copy of the '440 patent is attached hereto as Exhibit F.

16.     Seoul Viosys is the lawful owner of all right, title, and interest in United States Patent No. 10,217,912 ("the '912 patent") entitled "Light emitting diode module for surface mount technology and method of manufacturing the same", including the right to sue and to recover for infringement thereof. The '912 patent was duly and legally issued on February 26, 2019, by the United States Patent and Trademark Office. A copy of the '912 patent is attached hereto as Exhibit G.

17.     Seoul Viosys is the lawful owner of all right, title, and interest in United States Patent No. 9,041,032 ("the '032 patent") entitled "Light emitting diode having strain-enhanced well layer", including the right to sue and to recover for infringement thereof. The '032 patent was duly and legally issued on May 26, 2015, by the United States Patent and Trademark Office. A copy of the '032 patent is attached hereto as Exhibit H.

## DEFENDANT'S KNOWLEDGE

18.     On June 24, 2025, Seoul Semiconductor and its affiliates sent a warning letter to HGC notifying it of its infringement of the Plaintiffs' patent rights. In the letter, Seoul Semiconductor identified an exemplary product that infringes several of the Plaintiffs' patents—including the '893, '419, '174, '837, '552, '440, '912, and '032 patents—making clear that such identification was non-exhaustive and included, but was not limited to, that specific example.

19.     With its letter, Seoul Semiconductor attached claim charts demonstrating how the foregoing product being sold by HGC infringes claims of the Plaintiffs' patents. The claim charts contain photos of reverse engineered portions of the product to show infringement.

20.     Seoul Semiconductor asked that HGC confirm that it would stop selling products that infringe Seoul's patent rights. However, HGC failed to provide any response.

## PATENT MARKING

21.     The Plaintiffs have complied with 35 U.S.C. § 287 with respect to at least the '419, '440, '912, and '032 patents, and thereby provided notice to the public, including but not limited to Defendant, of those patents.

22.     For example, to the extent the Plaintiffs made, offered for sale, sold, or imported into the United States products covered by the Patents-in-Suit, the Plaintiffs marked substantially all of such products and/or product packaging by fixing thereon the word "patent," along with those patent numbers and/or an internet address at which the Plaintiffs posted information associating the patented products with their corresponding patent numbers (including the Patents-in-Suit), in compliance with 35 U.S.C. § 287.

23.     Those internet addresses include the following URLs https://www.seoulsemicon. com/en/company/parent/certificates/patentportfolio    and    https://www.seoulviosys.com/en/

company/certificates — and reflect virtual marking patent lists that the Plaintiffs that have been continuously updating since at least January of 2015. A copy of the most recent virtual marking patent lists for Seoul Semiconductor and Seoul Viosys, respectively, are attached as Exhibit I and Exhibit J.

**COUNT 1**

**INFRINGEMENT OF U.S. PATENT NO. 12,274,893**

**EXEMPLARY CLAIM 1**

24.    Defendant has infringed and continues to infringe one or more claims of the '893 patent, including but not limited to exemplary claim 1, pursuant to 35 U.S.C. § 271(a), at least by without authority making, using, offering to sell and/or selling the Gavita LED Clone Bar 120-277V ("Gavita LED Clone Bar") within the United States.

25.    The Gavita LED Clone Bar is an LED-based lighting apparatus. Product information for the Gavita LED Clone Bar from HGC's website is reproduced below showing that it is an LED based light.



26.    Below are two images. The first shows the Gavita LED Clone Bar and the second shows a close-up view of a light bar having two different types of LEDs, white LEDs which appear yellow and red LEDs, which appear white.



27.    The images below provide two views of an example white light emitting device. The image below-left shows a pair of blue-light emitting LEDs covered by a yellow wavelength converter to generate white light. The image below-right shows the blue LEDs after the removal of the wavelength converter. The wavelength converter includes distinct types of wavelength conversion substances including Yttrium-based and Strontium-based converters. The peak wavelength of the device is within the blue spectral range between 430 and 470 nanometers.



28.    The image below depicts an example red LED, which has a peak wavelength different from a peak wavelength of light emitted by the above-described white light emitter. The peak wavelength of the red LED is within the range from 605 and 935 nanometers. The light emitted by the red LED includes a region in an irradiance spectrum having an irradiance that is greater than an irradiance of the light emitted from the white light emitting device at the same wavelength.



29.    Defendant's infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

30.    Defendant's infringement has occurred with knowledge of the '893 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

31.    Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 8,872,419

## <u>EXEMPLARY CLAIM 1</u>

32.    Defendant has infringed and continues to infringe one or more claims of the '419 patent, including but not limited to exemplary claim 1, pursuant to 35 U.S.C. § 271(a), at least by without authority making, using, offering to sell and/or selling the Gavita LED Clone Bar within the United States.

33.    The Gavita LED Clone Bar is a lighting emitting device. Product information for the Gavita LED Clone Bar from HGC's website is reproduced below showing that it is a light emitting device.



34.     The below image shows a light bar from the Gavita LED Clone Bar, which has two different types of LEDs, white LEDs that appear yellow and red LEDs that appear white. The different types are disposed adjacent to each other.

35.     As shown in the images of an LED package from the Gavita LED Clone Bar includes at least one first light emitting element. The first image shows yellow phosphor containing encapsulant. The second image shows the package after the removal of the encapsulant exposing a light emitting chip. The first light emitting element is configured to emit light of a first wavelength.



36.    The image below depicts an example red LED, which is configured to emit light of a second wavelength.



37.    The second light emitting element is connected in series or parallel with the first light emitting element as shown in the x-ray image below.



38.    Defendant's infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

39.    Defendant's infringement has occurred with knowledge of the '419 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

40.    Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT 3

## INFRINGEMENT OF U.S. PATENT NO. 12,194,174

## EXEMPLARY CLAIM 14

41.     Defendant has infringed and continues to infringe one or more claims of the '174

patent, including but not limited to exemplary claim 14, pursuant to 35 U.S.C. § 271(a), at least by

without authority making, using, offering to sell and/or selling the Gavita LED Clone Bar within

the United States.

42.     The Gavita LED Clone Bar is a lighting device. Product information for the Gavita

LED Clone Bar from HGC's website is reproduced below showing that it is a lighting device.



43.     The below image shows a light bar from the Gavita LED Clone Bar, which has two

different types of LEDs, white LEDs that appear yellow and red LEDs that appear white.



44. The images provide two views of an example white light emitting device. The image below left shows two LEDs covered by a wavelength converter, which emit white light. The image below right shows the LEDs after removal of the wavelength converter. Each of the LEDs comprises an emitter disposed on a substrate and configured to emit a first light through its upper surface.



45. The image below depicts an example red LED, which comprises an emitter disposed on a second substrate. The red LED is configured to emit a second light including a different peak wavelength from the first light through its upper surface.

46. The housing of the Gavita LED Clone Bar is shown below. The two types of LEDs are disposed on the bottom surface of the housing. The light emitting surface of the example red LED is at a different elevation relative to the bottom of the housing from light emitting surface of the example white LED.



47.  As shown in the image below white LEDs are each closer to each other than to the adjacent red LEDs in the longitudinal direction.

48.  Defendant's infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

49.  Defendant's infringement has occurred with knowledge of the '174 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

50.  Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT 4

## INFRINGEMENT OF U.S. PATENT NO. 11,978,837

### EXEMPLARY CLAIM 8

51.  Defendant has infringed and continues to infringe one or more claims of the '837 patent, including but not limited to exemplary claim 8, pursuant to 35 U.S.C. § 271(a), at least by without authority making, using, offering to sell and/or selling the Gavita LED Clone Bar within the United States.

52.  The Gavita LED Clone Bar is a light emitting module unit. Product information for

the Gavita LED Clone Bar from HGC's website is reproduced below.



53.    The below image shows a light bar from the Gavita LED Clone Bar, which comprises a circuit board.



54.    Below is an x-ray image of the circuit board. As in the x-ray image below, the circuit board has a pair of electrodes formed on the upper surface.



55.    Also shown in the x-ray image above is a wiring pattern by which the LED packages are connected to external power. The wiring pattern includes pairs of pads by which the LED packages are connected to power via the above-described electrodes. The wiring pattern

includes both series and parallel connections. For parallel connections, a pad is connected to two light emitters to act as a common electrode.

56.    Below are a pair of example images of one type of light emitter from the Gavita LED Clone Bar. In the below left image, a yellow encapsulation is shown covering the upper surface of LED chips. The image below right shows the LED chips after removal of the encapsulation. The chips are gallium nitride-based semiconductors.



57.    Below is a SEM image of the upper surface of a sample chip that was removed from the Gavita LED Clone Bar.



58.    Next, by milling a hole into the chip using a FIB, the layer structure near the p-contact is revealed.



59.    Layers of metal are provided under the p-contact, including reflective metal layers provided on the upper surface of the chip to reflect light traveling upwards from the active layer toward the p-contact. The reflective metal layers include an aluminum layer that is both thermally conductive and reflective. In addition, because the reflective metal layer is provided on the upper surface of the chip, it is disposed between the chip and the covering encapsulation.

60.    Defendant's infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

61.    Defendant's infringement has occurred with knowledge of the '837 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

62.    Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT 5

## INFRINGEMENT OF U.S. PATENT NO. 12,298,552

## EXEMPLARY CLAIM 15

63.    Defendant has infringed and continues to infringe one or more claims of the '552

patent, including but not limited to exemplary claim 15, pursuant to 35 U.S.C. § 271(a), at least by without authority making, using, offering to sell and/or selling the Gavita LED Clone Bar within the United States.

64.    The Gavita LED Clone Bar is a light emitting device. Product information for the Gavita LED Clone Bar from HGC's website is reproduced below showing that it is a light emitting device.



65.    The below images show the Gavita LED Clone Bar. The first image shows that a round LED tube cover is provided over a substrate and the second image shows the substrate after removal of the round LED tube cover. The round LED tube cover acts as an optical layer configured to diffuse the light emitted from the light emitters.



66.    The Gavita LED Clone Bar has two different types of light emitters, white LEDs that appear yellow and red LEDs that appear white.

67.    As shown in the images above, the substrate is coated in white to provide broad spectrum reflection of light emitted from the light emitters.

68.    Below is an x-ray image of the circuit board depicting the wiring pattern used to provide power to the LED packages.



69.    Below are a pair of images of an LED package from the Gavita LED Clone Bar. The left image shows the light emitting side and the right image shows the reverse side having two contact electrodes. The package is longer in the horizontal direction than in the vertical direction.

 

70.    Below is a close-up view of a region of the substrate after removal of the light emitting package. Removal of the package reveals a pair of pad electrodes that were electrically connected to the pad electrodes shown in the image above.



71.    As shown in the image above, the gap between the pad electrodes is smaller than the above-described lengths but greater than 50 micrometers.

72.    Defendant's infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

73.    Defendant's infringement has occurred with knowledge of the '552 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

74.    Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT 6

## INFRINGEMENT OF U.S. PATENT NO. 8,314,440

## EXEMPLARY CLAIM 1

75.    Defendant has infringed and continues to infringe one or more claims of the '440 patent, including but not limited to exemplary claim 1, pursuant to 35 U.S.C. § 271(a), at least by without authority making, using, offering to sell and/or selling the Gavita LED Clone Bar within

the United States.

76.    The Gavita LED Clone Bar includes an LED package comprising a light emitting diode (LED) chip. The images of a package from the Gavita LED Clone Bar are reproduced below. The image below left shows the package after removal from the Gavita LED Clone Bar. The image below right shows the package after removal of the resin encapsulant.



77.    Below is a SEM image of the side surface of a hole created using a FIB in an LED chip from the Gavita LED Clone Bar. The image shows the epitaxial structure formed above a patterned sapphire substrate. The epitaxial structure comprises a light-emitting structure including from bottom to top, a first conductivity type (n-type) semiconductor layer, an active layer, and a second conductivity type (p-type) semiconductor layer.



78.    The SEM images below show an alternately laminated bottom structure located on the bottom of the substrate. As shown in the below images, the alternately laminated bottom structure comprises dielectric pairs comprising relatively thick first material layers of SiO2 and relatively thin second material layers of TiO2. The dielectric pairs comprises a first set of dielectric

pairs comprising the first material layer and the second material layer each having an optical thickness less than λ/4 (λ is the center of the visible spectrum), a second set of dielectric pairs comprising the first material layer and the second material layers, one of the first material layer and the second material layer having an optical thickness less than λ/4 and the other having an optical thickness greater than λ/4, and the third set of dielectric pairs comprising the first material layer and the second material layer, each of the first material layer and the second material layer having an optical thickness greater than λ/4. The first dielectric pairs are located farther from the substrate than the third dielectric pairs.



79.     Defendant's infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

80.     Defendant's infringement has occurred with knowledge of the '440 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

81.     Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 7**

**INFRINGEMENT OF U.S. PATENT NO. 10,217,912**

**EXEMPLARY CLAIM 1**

82.     Defendant has infringed and continues to infringe one or more claims of the '912 patent, including but not limited to exemplary claim 1, in violation of 35 U.S.C. § 271(a), at least by without authority making, using, offering to sell and/or selling the Gavita LED Clone Bar within the United States.

83.     The Gavita LED Clone Bar includes a plurality of light emitting diodes (LED). Optical and SEM images of an LED from the Gavita LED Clone Bar are reproduced below.

 

84.     Next, by milling a hole into the chip using a FIB, the layer structure near the p-contact is revealed. The layer structure includes, from bottom to top: a substrate, a first semiconductor layer, an active layer, and a second semiconductor layer.

 

85.    Below is an enlarged image of the inner surface of the milled hole showing additional details. The image identifies an insulation layer formed over the stacked structure and contacting the second (p-type) semiconductor layer. The insulation layer leaves open exposed portions that provide openings where contact occurs between a reflective layer comprised of aluminum formed over the stacked structure and the second (p-type) semiconductor layer. The exposed portions are shown in the image below beneath the p-type contact.



86.    Defendant's infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

87.    Defendant's infringement has occurred with knowledge of the '912 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

88.    Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT 8

### INFRINGEMENT OF U.S. PATENT NO. 9,041,032

### EXEMPLARY CLAIM 19

89.    Defendant has infringed and continues to infringe one or more claims of the '032

patent, including but not limited to exemplary claim 19, pursuant to 35 U.S.C. § 271(a) at least by

without authority offering to sell and/or selling the Gavita LED Clone Bar within the United States.

90.    The Gavita LED Clone Bar includes a plurality of light emitting diodes. An optical

image of the light emitting diode from the Gavita LED Clone Bar is reproduced below.



91.    The images below were created using SEM after a hole was milled into the light

emitting diode using a FIB near the n-contact. The image below right provides an enlarged view

of the side of the milled hole, showing a first-type contact layer comprising silicon doped GaN, a

second-type contact layer comprising magnesium doped GaN and an active layer comprising

InAlGaN between the contact layers.



92.     The active layer of the light emitting diode includes barrier and well layers. The barrier layers are comprised of AlGaN, whereas the well layers are comprised of InGaN. The barrier layers also include AlGaN-based quantum dots that form a strain enhancing layer within the barrier layers. These high aluminum-containing quantum dots have a lower lattice constant than the low aluminum-containing AlGaN barrier layer, thus providing compressive strain to the well layer.



93.     Defendant's infringement has caused and is continuing to cause damage and

irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

94.    Defendant's infringement has occurred with knowledge of the '032 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

95.    Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.


## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs requests that the Court enter judgment in their favor and against HGC, as follows:

A.    A judgment that Defendant infringe the '893, '419, '174, '837, '552, '440, '912, and '032 patents;

B.    A preliminary and permanent injunction restraining and enjoining Defendant, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, joint ventures, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from infringing the '893, '419, '174, '837, '552, '440, '912, and '032 patents;

C.    An award of damages to Plaintiffs Seoul Semiconductor and Seoul Viosys arising from Defendant's past and continuing infringement up until the date Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

D.    A determination that Defendant's infringement of one or more of the '893, '419,

'174, '837, '552, '440, '912, and '032 patents was willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

  E.  A determination that this is an exceptional case and awarding the Plaintiffs' attorneys' fees pursuant to 35 U.S.C. § 285; An order awarding the Plaintiffs the costs and expenses that they have incurred in prosecuting this action;

  F.  An order awarding the Plaintiffs pre- and post-judgment interest on their damages; and

  G.  Such other and further relief in law or in equity as this Court deems just and proper.

**JURY DEMAND**

  Plaintiffs Seoul Semiconductor and Seoul Viosys respectfully request a jury trial on all issues so triable.

Dated: February 5, 2026

**STEVENS & LEE**

               */s/ Melissa Donimirski*
               Melissa N. Donimirski (No. 4701)

OF COUNSEL:        Stacey A. Scrivani (No. 6129)
               919 N. Market Street, Suite 1300
Michael Eisenberg       Wilmington, DE 19801
STEVENS & LEE, P.C.     (302) 654-5180
485 Madison Avenue, 20th Floor  melissa.donimirski@stevenslee.com
New York, NY  10022     stacey.scrivani@stevenslee.com
(212) 319-8500
michael.eisenberg@stevenslee.com  *Counsel for the Plaintiff*