## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SEOUL SEMICONDUCTOR CO., LTD., a
and SEOUL VIOSYS CO. LTD,

　　　　　Plaintiffs,

　　v.

HAWTHORNE GARDENING COMPANY,

　　　　　Defendant.

C.A. No. 26-138-JNR

**JURY TRIAL DEMANDED**

## DEFENDANT HAWTHORNE GARDENING COMPANY'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT

Defendant Hawthorne Gardening Co. ("HGC" or "Defendant") answers Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd.'s ("Plaintiffs" or "Seoul") Complaint (D.I. 1) ("Complaint") as follows.

HGC denies that Seoul is entitled to the relief requested, or any other relief. HGC further denies each and every allegation contained in the Complaint, except as expressly stated below. Any factual allegation in the Complaint is admitted below only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the facts as admitted.

## NATURE OF THE ACTION

1. HGC admits that an LED converts electrical energy into light, that there are purported benefits to LEDs over conventional light sources, and this action concerns LEDs. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and, on that basis, denies such allegations.

2. HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, on that basis, denies such allegations.

- 1 -

ME1\60515323.v1

3.      HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, on that basis, denies such allegations.

### THE PARTIES

4.      HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, on that basis, denies such allegations.

5.      HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, on that basis, denies such allegations.

6.      HGC admits it is a Delaware corporation with a registered agent, The Corporation Trust Company in Delaware. HGC admits that it has sold, among other things, various horticulture lighting products in the United States. HGC denies the remaining allegations of Paragraph 6.

### JURISDICTION AND VENUE

7.      HGC admits the Complaint purports to allege a claim for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq*. The remainder of Paragraph 7 states legal conclusions to which no response is required.

8.      HGC admits that it is incorporated and organized in Delaware. The remainder of Paragraph 8 states legal conclusions to which no response is required.

9.      HGC admits that venue in this district is proper, although it denies that this district is the most convenient venue for litigation of the claims in the Complaint and reserves the right to assert that a change of venue under 28 U.S.C. § 1404 is appropriate. HGC admits that it is incorporated in the State of Delaware. HGC denies the remaining allegations in Paragraph 9.

### PATENTS-IN-SUIT

10.      HGC admits that U.S. Patent No. 12,274,893 (the "'893 Patent") is titled "LED Lighting Apparatus Having Sterilizing Function," issued on April 15, 2025, and a copy of what purports to be the patent is attached to the Complaint as Exhibit A. HGC is without knowledge or

- 2 -

ME1\60515323.v1

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and, on that basis, denies such allegations.

11.     HGC admits that U.S. Patent No. 8,872,419 (the "'419 Patent") is entitled "Light Emitting Device," issued on October 28, 2014, and a copy of what purports to be the patent is attached to the Complaint as Exhibit B. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and, on that basis, denies such allegations.

12.     HGC admits that U.S. Patent No. 12,194,174 (the "'174 Patent") is entitled "Lighting Device," issued on January 14, 2025, and a copy of what purports to be the patent is attached to the Complaint as Exhibit C. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and, on that basis, denies such allegations.

13.     HGC admits that U.S. Patent No. 11,978,837 (the "'837 Patent") is entitled "Light Emitting Diode Package," issued on May 7, 2024, and a copy of what purports to be the patent is attached to the Complaint as Exhibit D. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and, on that basis, denies such allegations.

14.     HGC admits that U.S. Patent No. 12,298,552 (the "'552 Patent") is entitled "Backlight Unit And Display Apparatus Having The Same," issued on May 13, 2025, and a copy of what purports to be the patent is attached to the Complaint as Exhibit E. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and, on that basis, denies such allegations.

- 3 -

15.    HGC admits that U.S. Patent No. 8,314,440 (the "'440 Patent") is entitled "Light Emitting Diode Chip And Method Of Fabricating The Same," issued on November 20, 2012, and a copy of what purports to be the patent is attached to the Complaint as Exhibit F. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and, on that basis, denies such allegations.

16.    HGC admits that U.S. Patent No. 10,217,912 (the "'912 Patent") is entitled "Light Emitting Diode Module For Surface Mount Technology And Method Of Manufacturing The Same," issued on February 26, 2019, and a copy of what purports to be the patent is attached to the Complaint as Exhibit G. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and, on that basis, denies such allegations.

17.    HGC admits that U.S. Patent No. 9,041,032 (the "'032 Patent") is entitled "Light Emitting Diode Having Strain-Enhanced Well Layer," issued on May 26, 2015, and a copy of what purports to be the patent is attached to the Complaint as Exhibit H. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and, on that basis, denies such allegations.

## DEFENDANT'S KNOWLEDGE

18.    HGC admits that it received a letter from counsel for Seoul Semiconductor on or about June 24, 2025 in which it alleged that HGC's product, Gavita Pro RS 2400e LED 208-480V HGC906409 ("Gavita product"), infringes one or more patents purportedly owned by Seoul Semiconductor. HGC also admits that the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or otherwise ultimately provided by Seoul. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and, on that basis, denies such allegations.

- 4 -

ME1\60515323.v1

19. HGC admits that it received a letter and what purported to be claim charts from counsel for Seoul on or about June 24, 2025. HGC admits that the letter alleged that the Gavita product infringes one or more patents purportedly owned by Seoul Semiconductor. HGC also admits that the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and, on that basis, denies such allegations.

20. HGC admits that it received a letter from counsel for Seoul on or about June 24, 2025. HGC also admits that that letter states, in part, "[p]lease provide us with immediate written confirmation that HGC will stop selling products that infringe SSC's patent rights." HGC admits that the letter alleged that the Gavita product infringes one or more patents purportedly owned by Seoul Semiconductor. HGC also admits that the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and, on that basis, denies such allegations.

## PATENT MARKING

21. HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, on that basis, denies such allegations.

22. HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, on that basis, denies such allegations.

23. HGC denies that "virtual marking patent lists," Exhibit I, or Exhibit J are attached to the Complaint. HGC is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 23 and, on that basis, denies such allegations.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. 12,274,893
## EXEMPLARY CLAIM 1

24.     HGC denies the allegations in Paragraph 24.

25.     HGC admits that the Gavita LED Clone Bar is a product that includes LEDs. HGC admits that what purports to be a copy of information from HGC's website is reproduced in Paragraph 25. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 and, on that basis, denies such allegations.

26.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, on that basis, denies such allegations.

27.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, on that basis, denies such allegations.

28.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, on that basis, denies such allegations.

29.     HGC denies the allegations in Paragraph 29.

30.     HGC denies the allegations in Paragraph 30.

31.     HGC denies the allegations in Paragraph 31.

## COUNT 2
## INFRINGEMENT OF U.S. PATENT NO. 8,872,419
## EXEMPLARY CLAIM 1

32.     HGC denies the allegations in Paragraph 32.

33.     HGC admits that the Gavita LED Clone Bar is a product that includes LEDs. HGC admits that what purports to be a copy of information from HGC's website is reproduced in

ME1\60515323.v1

Paragraph 33. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 and, on that basis, denies such allegations.

34. HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, on that basis, denies such allegations.

35. HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, on that basis, denies such allegations.

36. HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, on that basis, denies such allegations.

37. HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, on that basis, denies such allegations.

38. HGC denies the allegations in Paragraph 38.

39. HGC denies the allegations in Paragraph 39.

40. HGC denies the allegations in Paragraph 40.

## COUNT 3
## INFRINGEMENT OF U.S. PATENT NO. 12,194,174
## EXEMPLARY CLAIM 14

41. HGC denies the allegations in Paragraph 41.

42. HGC admits that the Gavita LED Clone Bar is a product that includes LEDs. HGC admits that what purports to be a copy of information from HGC's website is reproduced in Paragraph 42. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 and, on that basis, denies such allegations.

43. HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, on that basis, denies such allegations.

44. HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, on that basis, denies such allegations.

ME1\60515323.v1

45.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, on that basis, denies such allegations.

46.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, on that basis, denies such allegations.

47.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, on that basis, denies such allegations.

48.     HGC denies the allegations in Paragraph 48.

49.     HGC denies the allegations in Paragraph 49.

50.     HGC denies the allegations in Paragraph 50.

## COUNT 4
## INFRINGEMENT OF U.S. PATENT NO. 11,978,837
## EXEMPLARY CLAIM 8

51.     HGC denies the allegations in Paragraph 51.

52.     HGC admits that the Gavita LED Clone Bar is a product that includes LEDs. HGC admits that what purports to be a copy of information from HGC's website is reproduced in Paragraph 52. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 and, on that basis, denies such allegations.

53.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, on that basis, denies such allegations.

54.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, on that basis, denies such allegations.

55.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, on that basis, denies such allegations.

56.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, on that basis, denies such allegations.

ME1\60515323.v1

57.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, on that basis, denies such allegations.

58.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, on that basis, denies such allegations.

59.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, on that basis, denies such allegations.

60.     HGC denies the allegations in Paragraph 60.

61.     HGC denies the allegations in Paragraph 61.

62.     HGC denies the allegations in Paragraph 62.

**COUNT 5**
**INFRINGEMENT OF U.S. PATENT NO. 12,298,552**
**EXEMPLARY CLAIM 15**

63.     HGC denies the allegations in Paragraph 63.

64.     HGC admits that the Gavita LED Clone Bar is a product that includes LEDs. HGC admits that what purports to be a copy of information from HGC's website is reproduced in Paragraph 64. HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, on that basis, denies such allegations.

65.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, on that basis, denies such allegations.

66.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, on that basis, denies such allegations.

67.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, on that basis, denies such allegations.

68.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, on that basis, denies such allegations.

ME1\60515323.v1

69.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, on that basis, denies such allegations.

70.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, on that basis, denies such allegations.

71.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, on that basis, denies such allegations.

72.     HGC denies the allegations in Paragraph 72.

73.     HGC denies the allegations in Paragraph 73.

74.     HGC denies the allegations in Paragraph 74.

## COUNT 6
## INFRINGEMENT OF U.S. PATENT NO. 8,314,440
## EXEMPLARY CLAIM 1

75.     HGC denies the allegations in Paragraph 75.

76.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, on that basis, denies such allegations.

77.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, on that basis, denies such allegations.

78.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, on that basis, denies such allegations.

79.     HGC denies the allegations in Paragraph 79.

80.     HGC denies the allegations in Paragraph 80.

81.     HGC denies the allegations in Paragraph 81.

## COUNT 7
## INFRINGEMENT OF U.S. PATENT NO. 10,217,912
## EXEMPLARY CLAIM 1

82.     HGC denies the allegations in Paragraph 82.

- 10 -

83.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, on that basis, denies such allegations.

84.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, on that basis, denies such allegations.

85.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, on that basis, denies such allegations.

86.     HGC denies the allegations in Paragraph 86.

87.     HGC denies the allegations in Paragraph 87.

88.     HGC denies the allegations in Paragraph 88.

## COUNT 8
## INFRINGEMENT OF U.S. PATENT NO. 9,041,032
## EXEMPLARY CLAIM 19

89.     HGC denies the allegations in Paragraph 89.

90.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, on that basis, denies such allegations.

91.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, on that basis, denies such allegations.

92.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, on that basis, denies such allegations.

93.     HGC denies the allegations in Paragraph 93.

94.     HGC denies the allegations in Paragraph 94.

95.     HGC denies the allegations in Paragraph 95.

## PRAYER FOR RELIEF

HGC denies that Seoul is entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A–G of Seoul's Prayer for Relief.

- 11 -

ME1\60515323.v1

## JURY DEMAND

Seoul's demand for a trial by jury does not require a response by HGC.

## DEFENSES

HGC incorporates by reference as if fully set forth herein its responses to Paragraphs 1–95 of Seoul's Complaint. To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied. Without assuming any burden other than that imposed by operation of law and without reducing or removing Seoul's burdens of proof on its affirmative claims, HGC alleges and asserts the following defenses in response to Seoul's Complaint and Seoul's assertion of infringement of the '893 Patent, '419 Patent, '174 Patent, '837 Patent, '552 Patent, '440 Patent, '912 Patent, and '032 Patent (collectively "Asserted Patents"), undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Additionally, HGC specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST SEPARATE DEFENSE
### (FAILURE TO STATE A CLAIM)

1. Seoul has failed to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE
### (NON-INFRINGEMENT)

2. HGC has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.

## THIRD SEPARATE DEFENSE
### (INVALIDITY)

3. The claims of the Asserted Patents are invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability set forth in Title 35, United

- 12 -

States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions.

## FOURTH SEPARATE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER)

4.     Seoul is precluded from construing any valid claim of the Asserted Patents to be infringed, literally or under the Doctrine of Equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the Asserted Patents, (b) in the specification and claims of the Asserted Patents, and/or (c) during the prosecution of patents and applications related to the Asserted Patents.

## FIFTH SEPARATE DEFENSE
### (EXPRESS OR IMPLIED LICENSE AND PATENT EXHAUSTION)

5.     Seoul's claims for relief are barred, in whole or in part, under the doctrine of patent exhaustion and to the extent that the accused products and/or functionalities are covered by a license for the Asserted Patents. To the extent HGC's vendors, partners, or other upstream and downstream suppliers have entered into patent license agreements covering the Asserted Patents, HGC's use or purchase of LED chips or other lighting components from those vendors or partners during the terms of those agreements is authorized under those agreements and, therefore, non-infringing as a matter of law.

## SIXTH SEPARATE DEFENSE
### (EQUITABLE BARS – UNENFORCEABILITY)

6.     Seoul's claims for relief are barred, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, patent misuse, and/or unclean hands.

- 13 -

ME1\60515323.v1

## SEVENTH SEPARATE DEFENSE
### (NO WILLFUL OR EGREGIOUS INFRINGEMENT)

7. Seoul is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Seoul has failed to show, and cannot show, that any alleged infringement has been willful and/or egregious.

## EIGHTH SEPARATE DEFENSE
### (LIMITATION ON DAMAGES)

8. Seoul's claims for relief are statutorily limited in whole or in part by 35 U.S.C. § 286.

9. To the extent that Seoul, its alleged predecessor(s)-in-interest to the Asserted Patents, or any licensee of the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that HGC's actions allegedly infringed any valid and enforceable claim of the Asserted Patents, HGC is not liable to Seoul for the acts alleged to have been performed before HGC received actual notice of infringement. On information and belief, Seoul's claims are barred, in whole or in part, or otherwise limited pursuant to 35 U.S.C. § 287.

## NINTH SEPARATE DEFENSE
### (COSTS)

10. Seoul is precluded by 35 U.S.C. § 288 from recovering costs associated with its action.

## TENTH SEPARATE DEFENSE
### (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

11. Seoul is not entitled to injunctive relief. Under *eBay v. MercExchange*, LLC, 547 U.S. 388 (2006), any alleged injury to Seoul would not be immediate or irreparable, Seoul would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

- 14 -

## RESERVATION OF ADDITIONAL DEFENSES

12.    HGC reserves the right to add additional defenses, including further allegations of inequitable conduct, consistent with the facts discovered in this case.

## COUNTERCLAIMS

Hawthorne Gardening Co. ("HGC") sets forth the following Counterclaims against Plaintiffs Seoul Semiconductor Co., Ltd. ("Seoul Semiconductor") and Seoul Viosys Co., Ltd. ("Seoul Viosys," and collectively with Seoul Semiconductor, "Seoul"). HGC incorporates by reference all of the allegations and averments in its Answer and Defenses.

## PARTIES

1.    HGC is a Delaware corporation with its principal place of business at 800 Port Washington Blvd., Port Washington, NY 11050.

2.    Upon information and belief based on the allegations in the Complaint, Plaintiff Seoul Semiconductor is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 97-11, Sandan-ro 163 beon-gil, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851.

3.    Upon information and belief based on the allegations in the Complaint, Plaintiff Seoul Viosys is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 65-16, Sandan-ro 163 beon-gil, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851, and is a subsidiary of Seoul Semiconductor.

## JURISDICTION AND VENUE

4.    Seoul filed a Complaint in this Court against HGC alleging infringement, under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, of United States Patent Nos. 12,274,893 (the "'893 Patent"); 8,872,419 (the "'419 Patent"); 12,194,174 (the "'174 Patent"); 11,978,837

- 15 -

(the "'837 Patent"); 12,298,552 (the "'552 Patent"); 8,314,440 (the "'440 Patent"); 10,217,912 (the "'912 Patent"); and 9,041,032 (the "'032 Patent") (collectively, the "Asserted Patents").

5.     Seoul alleges in the Complaint that they are the owner by assignment of all right, title, and interest in the Asserted Patents, and that they have the full and exclusive right to bring suit to enforce each Asserted Patent, including the right to recover for past infringement.

6.     This is a declaratory judgment action arising under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7.     This Court has personal jurisdiction over Seoul at least because it voluntarily submitted to and employed the jurisdiction of this Court by filing its Complaint.

8.     Venue is proper in this District solely for the purposes of these Counterclaims under 28 U.S.C. §§ 1391(b)-(c). Upon information and belief, Seoul is incorporated and resides in the Republic of Korea. Seoul alleged in its Complaint that venue is proper in this District, and voluntarily submitted to the jurisdiction of this Court by filing its Complaint.

## COUNTERCLAIM 1:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 12,274,893

9.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

10.    HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '893 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.

- 16 -

11.    An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '893 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

12.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '893 Patent and the accused products. HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Seoul may assert in this action, of the '893 Patent.

## COUNTERCLAIM 2:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 12,274,893

13.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

14.    The '893 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

15.    An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '893 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

16.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '893 Patent. HGC seeks a declaration by the Court that Claim 1, and any other claims that Seoul may assert in this action, of the '893 Patent are invalid.

## COUNTERCLAIM 3:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 8,872,419

17.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

ME1\60515323.v1

18.     HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '419 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.

19.     An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '419 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

20.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '419 Patent and the accused products. HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Seoul may assert in this action, of the '419 Patent.

**COUNTERCLAIM 4:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 8,872,419**

21.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

22.     The '419 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

23.     An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '419 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

24.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '419 Patent. HGC seeks a declaration by the Court that Claim 1, and any other claims that Seoul may assert in this action, of the '419 Patent are invalid.

- 18 -

**COUNTERCLAIM 5:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 12,194,174**

25.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

26.     HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '174 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.

27.     An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '174 Patent, including with respect to at least asserted Claim 14, and any other claims that Seoul may assert in this action.

28.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '174 Patent and the accused products. HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 14, and any other claims that Seoul may assert in this action, of the '174 Patent.

**COUNTERCLAIM 6:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 12,194,174**

29.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

30.     The '174 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

31.     An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '174 Patent, including with respect to at least asserted Claim 14, and any other claims that Seoul may assert in this action.

- 19 -

ME1\60515323.v1

32. A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '174 Patent. HGC seeks a declaration by the Court that Claim 14, and any other claims that Seoul may assert in this action, of the '174 Patent are invalid.

## COUNTERCLAIM 7:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 11,978,837

33. To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

34. HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '837 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.

35. An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '837 Patent, including with respect to at least asserted Claim 8, and any other claims that Seoul may assert in this action.

36. A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '837 Patent and the accused products. HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 8, and any other claims that Seoul may assert in this action, of the '837 Patent.

## COUNTERCLAIM 8:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 11,978,837

37. To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

38. The '837 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

- 20 -

ME1\60515323.v1

39.    An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '837 Patent, including with respect to at least asserted Claim 8, and any other claims that Seoul may assert in this action.

40.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '837 Patent. HGC seeks a declaration by the Court that Claim 8, and any other claims that Seoul may assert in this action, of the '837 Patent are invalid.

## COUNTERCLAIM 9:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 12,298,552

41.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

42.    HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '552 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.

43.    An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '552 Patent, including with respect to at least asserted Claim 15, and any other claims that Seoul may assert in this action.

44.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '552 Patent and the accused products. HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 15, and any other claims that Seoul may assert in this action, of the '552 Patent.

- 21 -

## COUNTERCLAIM 10:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 12,298,552

45.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

46.     The '552 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

47.     An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '552 Patent, including with respect to at least asserted Claim 15, and any other claims that Seoul may assert in this action.

48.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '552 Patent. HGC seeks a declaration by the Court that Claim 15, and any other claims that Seoul may assert in this action, of the '552 Patent are invalid.

## COUNTERCLAIM 11:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 8,314,440

49.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

50.     HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '440 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.

51.     An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '440 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

ME1\60515323.v1

52. A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '440 Patent and the accused products. HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Seoul may assert in this action, of the '440 Patent.

**COUNTERCLAIM 12:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 8,314,440**

53. To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

54. The '440 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

55. An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '440 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

56. A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '440 Patent. HGC seeks a declaration by the Court that Claim 1, and any other claims that Seoul may assert in this action, of the '440 Patent are invalid.

**COUNTERCLAIM 13:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 10,217,912**

57. To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

58. HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '912 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.

- 23 -

59.     An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '912 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

60.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '912 Patent and the accused products. HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Seoul may assert in this action, of the '912 Patent.

**COUNTERCLAIM 14:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 10,217,912**

61.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

62.     The '912 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

63.     An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '912 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

64.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '912 Patent. HGC seeks a declaration by the Court that Claim 1, and any other claims that Seoul may assert in this action, of the '912 Patent are invalid.

**COUNTERCLAIM 15:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 9,041,032**

65.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

- 24 -

ME1\60515323.v1

66.     HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '032 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.

67.     An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '032 Patent, including with respect to at least asserted Claim 19, and any other claims that Seoul may assert in this action.

68.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '032 Patent and the accused products. HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 19, and any other claims that Seoul may assert in this action, of the '032 Patent.

## COUNTERCLAIM 16:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 9,041,032

69.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

70.     The '032 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

71.     An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '032 Patent, including with respect to at least asserted Claim 19, and any other claims that Seoul may assert in this action.

72.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '032 Patent. HGC seeks a declaration by the Court that Claim 19, and any other claims that Seoul may assert in this action, of the '032 Patent are invalid.

ME1\60515323.v1

## DEMAND FOR JURY TRIAL

HGC hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

HGC, reserving its right to amend the pleadings to add additional counterclaims and defenses, if warranted by discovery, prays for the following relief:

A. A declaration that HGC did not infringe, has not infringed, and does not infringe any valid and enforceable claim of the '893, '419, '174, '837, '552, '440, '912, and '032 Patents;

B. A declaration that the claims of the '893, '419, '174, '837, '552, '440, '912, and '032 Patents are invalid;

C. An order dismissing Seoul's Complaint with prejudice, and adjudging that Seoul take nothing by its Complaint;

D. An order declaring that HGC is the prevailing party and that this case is exceptional under 35 U.S.C. § 285, other statutes or rules, or the general power of the Court, and an award to HGC of its costs and attorneys' fees in connection with this action;

E. An order awarding HGC its costs and expenses in this action;

F. An injunction against Seoul and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Seoul from charging infringement or instituting any legal action for infringement of the '893, '419, '174, '837, '552, '440, '912, and '032 Patents or any related patent against HGC or anyone acting in privity with HGC; and

G. Such other and further relief, whether legal, equitable, or otherwise, as the Court deems just and proper.

- 26 -

- 27 -

Dated: April 1, 2026

*Of counsel:*

Arthur P. Licygiewicz
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: 214-855-8000
Fax: 214-855-8200
art.licygiewicz@nortonrosefulbright.com

Catherine Garza
David Dyer
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
Tel: 512-536-3114
Fax: 512-536-4598
cat.garza@nortonrosefulbright.com
david.dyer@nortonrosefulbright.com

McCARTER & ENGLISH, LLP

*/s/ Alexandra M. Joyce*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Amy R. Harriman (#7602)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com
aharriman@mccarter.com

*Counsel for Defendant*

ME1\60515323.v1