## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SEOUL SEMICONDUCTOR CO., LTD., and SEOUL VIOSYS CO. LTD.,

Plaintiffs,

v.

HAWTHORNE GARDENING COMPANY,

Defendant.

C.A. No. 26-138-JNR

**JURY TRIAL DEMANDED**

## PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd. (collectively, "Seoul" or "Plaintiffs"), by and through their undersigned counsel, hereby answer the Counterclaims of Defendant Hawthorne Gardening Company ("HGC") as follows. Plaintiffs deny each and every allegation in the Counterclaims except as expressly admitted herein.

## PARTIES

1.      Plaintiffs admit that HGC is a Delaware corporation. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of HGC's alleged principal place of business and therefore deny the same.

2.      Plaintiffs admit the allegations of Paragraph 2.

3.      Plaintiffs admit the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4.      Plaintiffs admit the allegations of Paragraph 4.

5.      Plaintiffs admit the allegations of Paragraph 5.

SL1 4061519v1 120971.00007

6.    Plaintiffs admit that subject matter jurisdiction exists as to HGC's counterclaims. Except as expressly admitted, the allegations in Paragraph 6 are denied.

7.    Plaintiffs consent to the Court's exercise of personal jurisdiction over HGC's counterclaims.

8.    Plaintiffs consent to venue.

## COUNTERCLAIM 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 12,274,893

9.    Paragraph 9 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

10.    Denied.

11.    Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its first counterclaim.

12.    The allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 12.

## COUNTERCLAIM 2: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 12,274,893

13.    Paragraph 13 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

14.    Denied.

15.    Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its second counterclaim.

16.    The allegations in Paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 16.

SL1 4061519v1 120971.00007

## COUNTERCLAIM 3: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 8,872,419

17.    Paragraph 17 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

18.    Denied.

19.    Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its third counterclaim.

20.    The allegations in Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 20.

## COUNTERCLAIM 4: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 8,872,419

21.    Paragraph 21 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

22.    Denied.

23.    Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its fourth counterclaim.

24.    The allegations in Paragraph 24 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 24.

## COUNTERCLAIM 5: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 12,194,174

25.    Paragraph 25 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

3

26. Denied.

27. Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its fifth counterclaim.

28. The allegations in Paragraph 28 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 28.

## COUNTERCLAIM 6: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 12,194,174

29. Paragraph 29 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

30. Denied.

31. Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its sixth counterclaim.

32. The allegations in Paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 32.

## COUNTERCLAIM 7: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,978,837

33. Paragraph 33 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

34. Denied.

35. Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its seventh counterclaim.

36. The allegations in Paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 36.

4

## COUNTERCLAIM 8: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 11,978,837

37.     Paragraph 37 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

38.     Denied.

39.     Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its eighth counterclaim.

40.     The allegations in Paragraph 40 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 40.

## COUNTERCLAIM 9: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 12,298,552

41.     Paragraph 41 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

42.     Denied.

43.     Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its ninth counterclaim.

44.     The allegations in Paragraph 44 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 44.

## COUNTERCLAIM 10: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 12,298,552

45.     Paragraph 45 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

SL1 4061519v1 120971.00007

46.    Denied.

47.    Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its tenth counterclaim.

48.    The allegations in Paragraph 48 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 48.

## COUNTERCLAIM 11: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,314,440

49.    Paragraph 49 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

50.    Denied.

51.    Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its eleventh counterclaim.

52.    The allegations in Paragraph 52 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 52.

## COUNTERCLAIM 12: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,314,440

53.    Paragraph 53 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

54.    Denied.

55.    Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its twelfth counterclaim.

56.    The allegations in Paragraph 56 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 56.

6

SL1 4061519v1 120971.00007

## COUNTERCLAIM 13: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 10,217,912

57. Paragraph 57 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

58. Denied.

59. Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its thirteenth counterclaim.

60. The allegations in Paragraph 60 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 60.

## COUNTERCLAIM 14: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 10,217,912

61. Paragraph 61 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

62. Denied.

63. Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its fourteenth counterclaim.

64. The allegations in Paragraph 64 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 64.

## COUNTERCLAIM 15: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,041,032

65. Paragraph 65 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

7

66.    Denied.

67.    Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its fifteenth counterclaim.

68.    The allegations in Paragraph 68 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 68.

## COUNTERCLAIM 16: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,041,032

69.    Paragraph 69 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Plaintiffs incorporate by reference their allegations from the corresponding paragraphs.

70.    Denied.

71.    Plaintiffs deny that HGC has pleaded sufficient facts to support its claim for declaratory relief as stated in its sixteenth counterclaim.

72.    The allegations in Paragraph 72 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 72.

## DEMAND FOR JURY TRIAL

No response is required to HGC's Demand for a jury trial. Plaintiffs reiterate their demand for a trial by jury in this action for all issues so triable.

## PRAYER FOR RELIEF

In response to HGC's Prayer for Relief, Plaintiffs deny that HGC is entitled to any relief, and in particular to any of the relief requested in paragraphs A-G of the Counterclaims.

Further, Plaintiffs respectfully request the following relief:

8

SL1 4061519v1 120971.00007

A.      The entry of a judgment finding in favor of Plaintiffs and against HGC denying all

relief sought by HGC in connection with its Counterclaims and dismissing HGC's

Counterclaims in their entirety, with prejudice; and,

B.      Any and all other relief Plaintiffs are entitled to, as the Court may deem just and

proper.

**STEVENS & LEE**

OF COUNSEL:

Michael Eisenberg
STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, NY  10022
(212) 319-8500
michael.eisenberg@stevenslee.com

*/s/ Melissa Donimirski*
Melissa N. Donimirski (No. 4701)
Stacey A. Scrivani (No. 6129)
919 N. Market Street, Suite 1300
Wilmington, DE 19801
(302) 654-5180
melissa.donimirski@stevenslee.com
stacey.scrivani@stevenslee.com

*Counsel for Plaintiffs*

Dated: April 9, 2026

9