**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD and SEOUL VIOSYS CO., LTD., | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) |
| HAWTHORNE GARDENING COMPANY, | ) ) ) |
| *Defendant*. | ) ) |

Civil Action No. 26-138-JNR

**JURY TRIAL DEMANDED**

**[PROPOSED] PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, by and between the parties and by their respective undersigned counsel, that this Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties to the above-captioned action.

Accordingly, based upon the agreement of the parties, IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Procedures shall be adopted for the protection of confidential and proprietary information:

**PROCEDURES FOR PROTECTION OF CONFIDENTIAL
AND PROPRIETARY INFORMATION**

1.     **DEFINITIONS**

1.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

1

1.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

1.3 Counsel (without qualifier): Outside Counsel of Record (as well as their support staff).

1.4 Designated In-House Counsel: In-House Counsel to whom access to "CONFIDENTIAL" information in this matter has been permitted pursuant to paragraph 6.4(a).

1.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the above-captioned action.

1.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the respective litigations who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the above-captioned action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2

1.9     In-House Counsel: attorneys who are employees of a Party to the above-captioned action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel. If an issue regarding this provision and definition arises, the parties agree to meet and confer and reasonably cooperate to resolve any such issues.

1.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the above-captioned action in question.

1.11    Outside Counsel of Record: attorneys who are not employees of a Party to the above-captioned action but are retained to represent or advise a Party to that action and have appeared in the action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, as well as support staff of that law firm.

1.12    Party: a party to the above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

1.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in the above-captioned action.

1.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

1.17    Relevant Technology: Epitaxial layer structures of light emitting diodes for use in lighting devices and lighting devices having multiple light emitting diodes.

**2.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

For clarity, nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or Experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a Party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by another Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 3.    DURATION

Even after final disposition of the above-captioned action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in an action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 4.    DESIGNATING PROTECTED MATERIAL

4.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in this action that it is withdrawing the mistaken designation.

4.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Section 4.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that

5

qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

(b)      A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ) to each page that contains Protected Material.

(c)      For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party may identify before the close of the deposition or proceeding, or within 21 days after the testimony, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and substantial portions of the testimony qualify for protection, the Designating Party may place the entirety of the testimony under the protection of this Order.  Until such time as the 21 day period has elapsed, the

6

entirety of the testimony shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(d) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

4.3     Inadvertent Failures to Designate. If timely corrected after recognition by a Producing Party of an inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation after recognition by a Producing Party, the

7

Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4.4    Right to Seek Additional Protections. This Order is entered without prejudice  to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

## 5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must meet and confer in accordance with D. Del. LR 7.1.1 within 14 days of the date of service of notice, unless otherwise agreed in writing. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next

stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

5.3 Judicial Intervention. If, after meeting and conferring, the Parties cannot resolve a challenge without court intervention, the Challenging Party shall contact the Court pursuant to the Court's Discovery and Protective Order Dispute procedures in Paragraph 3(g) of the Scheduling Order within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Challenging Party to contact the Court pursuant to the Scheduling Order, within 21 days (or 14 days, if applicable), shall automatically waive a challenge to the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" by the Designating Party only to:

(a) the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation;

(b)      the Receiving Party's Designated In-House Counsel who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) and as to whom the procedures set forth in paragraph 6.4(a), below, have been followed;

(c)      Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which said information is produced (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.4(b), below, have been followed;

(d)      the court and its personnel; court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced; and

(e)      During a deposition, the author or recipient of a document containing the information, a custodian of the document, any other person who otherwise possessed or knew the information, and any current employees of the Designating Party.

6.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Designating Party only to:

(a)      the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in that particular litigation;

(b)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which such information is produced, (2) who have signed the "Acknowledgment

10

and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.4(b), below, have been followed;

        (c)     the court and its personnel;

        (d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced; and

        (e)     During a deposition, the author or recipient of a document containing the information, a custodian of the document, any other person who otherwise possessed or knew the information, and any current employees of the Designating Party.

    6.4    <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to  Designated In-House Counsel or Experts</u>.

        (a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to Designated In-House Counsel any information or item that has been designated "CONFIDENTIAL" pursuant to paragraph 6.2 first must make a written request to the Designating Party that (i) sets forth the full name of the Designated In-House Counsel and the city and state of his or her residence; (ii) describes the Designated In-House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated In-House Counsel is involved, or may become involved, in any competitive decision-making; and (iii) includes a copy of the "Acknowledgement and Agreement to Be Bound" (Exhibit A), signed by the Designated In-House Counsel, confirming their agreement to be bound by the terms of this Protective Order.

11

(b)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to paragraphs 6.2(c) and 6.3(b) first must make a written request via e-mail to the Designating Party's Outside Counsel of Record that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s); (4) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years; and (5) includes a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A), signed by the Expert, confirming their agreement to be bound by the terms of this Protective Order.

(c)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated In-House Counsel or Expert, unless within seven (7) business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(d)     Unless the Designating Party provides notice in writing via e-mail that it does not object to the identified Designated In-House Counsel or Expert before the expiration of the seven (7)-business-day notice period, a Receiving Party that makes a request and provides the information specified in the preceding respective paragraphs shall not disclose the subject Protected Material to the identified Designated In-House Counsel or Expert until expiration of the 7-business-day notice period. If during the notice period the Designating Party serves an objection upon the Receiving Party desiring

12

to disclose Protected Material to the Expert, there shall be no disclosure of Protected Material to such individual pending resolution of the objection.

(e)    A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) business days after the written objection is served. If, after meeting and conferring, no agreement is reached the Designating Party shall then have fourteen (14) business days after such objection is served to contact the Court pursuant to the Court's procedures for resolving Discovery and Protective Order disputes in the Scheduling Order. Any motion filed pursuant to this paragraph must describe the circumstances with specificity and set forth in detail the reasons why the disclosure to the Designated In-House Counsel or Expert should not be made.

In any such proceeding, the Designating Party opposing disclosure to the Designated In-House Counsel or Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated In-House Counsel or Expert. No document designated by a Designating Party as Protected Material shall be disclosed by a Receiving Party to a Designated In-House Counsel or Expert until after the individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" which is provided from the opposing Party to such Outside Counsel of Record in his or her respective action, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the Producing Party.

13

## 7.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual, except for retained experts, who accesses technical information and/or documents relating to the Relevant Technology designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be involved in the prosecution of patents or patent applications, inclusive of reissue or examination proceedings, having claims or disclosures pertaining or relating to the Relevant Technology, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office.

For purposes of this paragraph, "prosecution" includes (1) discussing disclosures with an inventor seeking a patent or patent application, (2) preparing specification or drawings, or (3) directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. This Prosecution Bar will not bar participating in or representing a party challenging or defending a patent before a domestic or foreign agency in any post-grant review proceedings (including, but not limited to, in an *inter partes* review, a reissue protest, *ex parte* reexamination or *inter partes* reexamination, or any other post-grant review proceedings), provided, however, that the individual does not participate in the drafting or amendment of any patent claims, e.g., a motion to amend. For the avoidance of doubt, an individual subject to this Prosecution Bar may participate in a post-grant proceeding up until a motion to amend or the amendment of claims is contemplated, but may not participate in any substance of any claim amendment. The Parties expressly agree that the prosecution bar set forth herein shall be personal to any individual who accesses technical information and/or documents relating to the Relevant Technology and designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and shall not be

14

imputed to any other persons at a law firm, company, organization, or place of employment. The Parties agree that they will erect an access wall such that only individuals subject to the prosecution bar shall have access to technical information and/or documents relating to the Relevant Technology and designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The parties further agree that this prosecution bar shall begin when the technical information and/or documents are first accessed by the affected individual and shall end 2 years after final termination of this action. Parties may seek exemptions from this prosecution bar, on a counsel-by-counsel basis by agreement of the parties, and short of an agreement, per the procedure in Paragraph 3.g in the Scheduling Order (D.I. 27. The parties shall attempt to resolve each exemption request in good faith and must meet and confer in accordance with D. Del. LR 7.1.1 within 14 days of the date of request for exemption, unless otherwise agreed in writing.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

8.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", that Party must:

(a)    promptly notify in writing via e-mail the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing via e-mail the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective

15

order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8.2     Other Proceedings. By entering this order and limiting the disclosure of information in the above-captioned action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

9.      **NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in the above-captioned action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with that particular litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR    OTHERWISE    PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity. If any Receiving Party recognizes that any Producing Party (or Non-Party) may have inadvertently produced such protected information, it shall notify the Producing Party promptly, and follow such procedures as set forth in this Order. If, after recognizing that privileged information has been produced or disclosed (through notice by a Receiving Party or otherwise), the Producing Party who made the inadvertent production or disclosure sends to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time. Within ten (10) days of receiving such a request, the Receiving Party shall (a) return to the Producing Party all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently

17

produced, and (b) delete any electronic records thereof. The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information.

(a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party ("Notice of Designation").

(b)     Within five (5) business days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c)     If this does not resolve the dispute, the parties shall meet and confer within five (5) business days after receiving such description. If, following the meet and confer, a dispute remains, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed within five (5) business days of the meet and confer. Any motion filed pursuant to this paragraph shall be filed under seal in accordance with the procedures set forth herein for filing Protected Material with the court. If the Receiving Party does not contact the Court pursuant to the Scheduling Order to contest the designation within such five (5)-business-day period, the Receiving Party's challenge to the privilege claim shall be waived.

(d)     With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the

18

Receiving Party shall make reasonable efforts to either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e)    The procedures set forth in this Section for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity. There shall be no waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity for an inadvertent disclosure or production if the Producing Party complies with the procedures set forth in this Section with respect to such inadvertent disclosure or production.

## 12.    <u>MISCELLANEOUS</u>

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. All documents of any nature, including briefs, that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and that are filed with the Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for the District of Delaware. The party filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because the Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the

19

provisions of this Stipulation and Order shall comply with the provisions set forth in this Stipulation and Order, including the procedures for filing and marking such materials as set forth above. Any Party who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of this Stipulation and Order shall give written notice of his objection to the Designating Party. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

12.4    Service by Email Permitted. The parties hereby consent that all notices in writing and documents required to be served in this case may be served by an email directed to a representative of the opposing party's lead and Delaware counsel.

12.5    Disclosure of Infringement Contentions. In consideration of Plaintiffs' interest in limiting third-party competitors' access to their testing results, Plaintiffs may designate their infringement claim charts as "LIMITED DISTRIBUTION." For any so designated infringement claim charts, Defendant shall provide advance notice to Plaintiffs prior to providing any of those infringement claim charts to any third party, except for retained experts and litigation consultants. This notice must (1) identify the third party that will be in receipt of the charts; and (2) include a disclosure that must be sent to the third party that receives the charts. The disclosure shall instruct the recipient to not unnecessarily distribute or disseminate the charts to any internal individuals and to not disseminate the charts publicly.

## 13.    **FINAL DISPOSITION**

Within 90 days after the final disposition of the above-captioned action, as defined in Section 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to

the Designating Party) by the 90-day deadline confirming the return or destruction of the Protected

Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

and expert work product, even if such materials contain Protected Material. Any such archival

copies that contain or constitute Protected Material remain subject to this Protective Order as set

forth in Section 3 (DURATION).


        SO ORDERED this _____ day of _____, 2026


_____
The Honorable J. Nicholas Ranjan
United States District Judge


21

**IT IS SO STIPULATED.**

Dated: June 12, 2026

Respectfully submitted,

/s/ Stacey A. Scrivani
Melissa N. Donimirski (# 4701)
Stacey A. Scrivani (# 6129)
**STEVENS & LEE, P.C.**
919 North Market Street, Suite 1300
Wilmington, DE 19801
(302) 654-5180
melissa.donimirski@stevenslee.com
stacey.scrivani@stevenslee.com

/s/ Alexandra M. Joyce
Alexandra M. Joyce (#6423)
Daniel M. Silver (#4758)
Amy R. Harriman (#7602)
**MCCARTER & ENGLISH, LLP**
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6392
Fax: (302) 450-4235
ajoyce@mccarter.com
dsilver@mccarter.com
aharriman@mccarter.com

OF COUNSEL:
Michael Eisenberg
**STEVENS & LEE, P.C.**
485 Madison Avenue, 20th Floor
New York, NY  10022
(212) 319-8500
michael.eisenberg@stevenslee.com

OF COUNSEL:
Arthur P. Licygiewicz
**NORTON ROSE FULBRIGHT** US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
(214) 855-8000
art.licygiewicz@nortonrosefulbright.com

*Attorneys for Plaintiffs*
*Seoul Semiconductor Co., Ltd. and Seoul*
*Viosys Co., Ltd.*

Catherine Garza
David Dyer
**NORTON ROSE FULBRIGHT** US LLP
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
(512) 536-3114
cat.garza@nortonrosefulbright.com
david.dyer@nortonrosefulbright.com

*Attorneys for Defendant*
*Hawthorne Gardening Company*

22

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD and SEOUL VIOSYS CO., LTD., | ) ) |
| | ) Civil Action No. 26-138-JNR |
| *Plaintiffs*, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) |
| HAWTHORNE GARDENING COMPANY, | ) ) |
| | ) |
| *Defendant*. | ) |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Delaware in the case of *Seoul Semiconductor Co., Ltd. and Seoul Viosys Co. Ltd v. Hawthorne Gardening Company*, Civil Action No. 26-cv-00138-JNR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

2

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

2